UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:22-CV-00651-FDW-DCK

| | |
|---|---|
| HUGH THOMAS RAGLAND IV, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| SUSAN DIBBINS ) | |
| UR MENDOZA JADDOU ) | |
| LAURA B. ZUCHOWSKI, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** is before the Court on Defendants Susan Dibbins, Ur Mendoza Jaddou, and Laura B. Zuchowski's ("Defendants") Motion to Dismiss, filed on March 27, 2023. (Doc. No. 7). Defendants' Motion is fully briefed and is now ripe for review. For the reasons set forth herein, Defendants' Motion, (Doc. No. 7), is **GRANTED** and Plaintiff's Complaint, (Doc. No. 1), is **DISMISSED WITH PREJUDICE**.

## I. BACKGROUND

Defendants moved to dismiss this action pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, arguing this Court does not have subject matter jurisdiction over the case.

Plaintiff is a United States citizen who petitioned for a nonimmigrant visa on behalf his fiancée, Vietnamese national Phong Truc Le, to bring her to the United States. (Doc. No. 1, p. 3). However, in 2014, Ragland was convicted of two counts of taking indecent liberties with a child pursuant to Section 14-202.1 of the North Carolina General Statutes. (Doc. No. 1, p. 4). Based on this conviction, U.S. Citizenship and Immigration Services ("USCIS") issued a Notice of Intent to Deny ("NOID"), which required Plaintiff to "submit evidence that clearly demonstrates, beyond

1

any reasonable doubt, that you pose no risk to the safety and well-being of the beneficiary." (Doc. No. 1-3, p. 3). On July 9, 2019, Plaintiff responded to the NOID with evidence in support of his application. (Doc. Nos. 1-4, 1-5). Nonetheless, on October 18, 2019, USCIS denied Plaintiff's I-129F petition, stating: "Having considered the totality of the evidence submitted, USCIS concludes, in its exercise of sole and unreviewable discretion, that you have not sufficiently demonstrated that you pose no risk to the beneficiary." (Doc. No. 1-6, p. 4). Plaintiff then appealed the decision to USCIS Administrative Appeals Office ("AAO"). (Doc. No. 1-7). On August 16, 2021, the AAO denied his appeal, again stating "the record contains insufficient evidence to establish, beyond a reasonable doubt, the Petitioner poses no risk to the Beneficiary." (Doc. No. 1-8, p. 5).

On December 5, 2022, Plaintiff initiated this lawsuit to correct the decision of USCIS regarding the adjudication and denial of his Form I-129F Petition for Alien Fiancée. (Doc. No. 1). Defendants filed this Motion to Dismiss on March 27, 2023, (Doc. No. 7), along with a Memorandum in Support. (Doc. No. 8). Plaintiff then filed his Response in Opposition on April 10, 2023, (Doc. No. 9), and on April 17, 2023, Defendants filed their Reply , (Doc. No. 10).

## II.     STANDARD OF REVIEW

"'Subject-matter jurisdiction defines the court's authority to hear a given type of case'; it represents 'the extent to which a court can rule on the conduct of persons or the status of things.'" Carlsbad Tech., Inc. v. HIF Bio, Inc., 556 U.S. 635, 639 (2009) (citations omitted) (quoting United States v. Morton, 467 U.S. 822, 828 (1984); Subject-Matter Jurisdiction, Black's Law Dictionary (8th ed. 2004)). Unless and until a court is convinced it has jurisdiction, it may not rule on a case's merits. Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 93–94 (1998). The plaintiff bears the

burden of proving subject matter jurisdiction exists. Richmond, Fredericksburg & Potomac R.R. Co. v. U.S., 945 F.2d 765, 768 (4th Cir. 1991).

Rule 12(b)(1) provides for dismissal where the federal district court lacks jurisdiction over the subject matter of the lawsuit. Fed. R. Civ. P. 12(b)(1). Lack of subject matter jurisdiction may be raised at any time either by a litigant, or by the court. Mansfield, C & L.M.R. Co. v. Swan, 111 U.S. 379, 382 (1884). When a defendant challenges subject matter jurisdiction pursuant to Rule 12(b)(1), "the district court is to regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Richmond, 945 F.2d at 768. The district court should grant the Rule 12(b)(1) motion to dismiss "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." Id.; see also Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999).

### III.   ANALYSIS

Plaintiff, in his Complaint, seeks review of the USCIS's denial of his I-129F Petition, asserts this Court has jurisdiction to do so under the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 555, 701, *et seq.*, and contends this Court must set aside Defendants' unlawful denial because it was arbitrary and capricious. Defendants move for dismissal with prejudice, arguing this Court lacks subject matter jurisdiction as a result of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1101 *et seq.*, and the Adam Walsh Child Protection and Safety Act ("AWA"), 34 U.S.C. § 20901 *et seq*. For the reasons outlined below, the Court finds dismissal of Plaintiff's Complaint is appropriate because this Court is stripped of jurisdiction by operation of 8 U.S.C. § 1252(a)(2)(B)(ii).

Under the APA, an individual who is adversely affected by an agency action "is entitled to judicial review thereof." 5 U.S.C. § 702. However, the Fourth Circuit explained:

> [T]his express statutory grant of a cause of action does not "affect [] other limitations on judicial review" or "confer [] authority to grant relief if any other statute that grants consent to suit expressly or impliedly forbids the relief that is sought," *id*. In sum, the APA authorizes suits "*except to the extent that*" "statutes preclude judicial review" or "agency action is committed to agency discretion by law." 5 U.S.C. § 701(a) (emphasis added). The APA thus "provides a limited cause of action for parties adversely affected by agency action." *Lee v. U.S. Citizenship and Immig. Servs.,* 592 F.3d 612, 619 (4th Cir. 2010).

Moore v. Frazier, 941 F.3d 717, 721 (4th Cir. 2019).

Here, Plaintiff contends that, in violation of the APA, the USCIS has "unlawfully withheld action on Plaintiff's application, and therefore, have failed to carry out the adjudicative functions delegated to them by law with regard to Plaintiff's case." (Doc. No. 1, p. 6). Plaintiff alleges he has provided sufficient proof to overcome the issues of the NOID. To that end, Plaintiff points to a psychological report indicating that the likelihood of re-offense is "0.05% at five years…and .11% at ten years," which he alleges would be beyond a reasonable doubt and would thus satisfy the burden of proof. (Doc. No 1-5, p. 2). Further, Plaintiff cites a scholarly journal article placing the legal standard of beyond a reasonable doubt between 90 and 99 percent of certainty, and he then argues his estimate of re-offense would therefore satisfy this standard. John O. Newman, *Taking "Beyond a Reasonable Doubt" Seriously*, Judicature, 2019 at 33. Thus, Plaintiff argues Defendants improperly ignored his response to the NOID, making their decision arbitrary and capricious and not in accordance with the law.

However, the INA provides limitations for when an individual can seek judicial review of immigration-related agency determinations under the APA. Moore, 941 F.3d at 721. Relevant here, a United States citizen can file a Form I-129F "Petition for Alien Fiancé(e)" to classify non-citizens as his or her fiancé(e) under the INA. 8 U.S.C. § 1101 (a)(15)(K). By filing this petition, the non-

citizen fiancée may obtain a K-1 Visa to enter the United States for the purpose of marrying the citizen petitioner. Id. The Fourth Circuit has previously explained the interaction between the AWA and INA:

> Congress passed the AWA, which precludes citizens from petitioning for immediate relative status if they were convicted of a "specified offense against a minor." § 1154(a)(1)(A)(viii)(1). An offense against a minor is broadly defined, and includes "[a]ny conduct that by its nature is a sex offense against a minor." 42 U.S.C. § 16911(7). The only exception to this prohibition is if the USCIS, in its "sole and *unreviewable* discretion," determines that the petitioning citizen proves beyond a reasonable doubt that he or she poses "no risk" to the alien spouse's safety and well-being. 8 U.S.C. § 1154(a)(1)(A)(viii)(1) (emphasis supplied); *see* U.S. Dep't of Homeland Sec., No. HQDOMO 70/1-P, *Guidance for Adjudication of Family Based Petitions* (Feb. 8, 2007).
>
> The statute upon which jurisdiction hinges in this case is 8 U.S.C. § 1252. Section 1252(a)(2)(B)(ii) states, "no court shall have jurisdiction to review" certain discretionary actions or decisions by the Secretary. As delegated to it by the Secretary, the USCIS has "sole and unreviewable discretion" to determine whether a petitioner poses no risk, meaning courts lack jurisdiction to review that discretionary decision. § 1154(a)(1)(A)(viii)(1). Section 1252(a)(2)(D) does permit judicial review of constitutional claims or legal questions, but only when "raised upon a petition for review filed with an appropriate court of appeals" during removal proceedings. *Lee*, 592 F.3d at 620 (4th Cir. 2010) (quoting 8 U.S.C. § 1252(a)(2)(D)).

Roland v. U.S. Citizenship and Immig. Servs., 850 F.3d 625, 629 (4th Cir. 2017).

In Roland, Robert S. Roland, a United States citizen, filed a Form I-130 Petition to obtain lawful permanent resident status for his wife. Id. at 627. The USCIS subsequently sent Roland a NOID, noting his conviction of offenses against minors made him ineligible to petition on behalf of his wife due to the provisions of the AWA. Id. Roland then filed an action in this Court, invoking the APA and asserting that the denial of the Form I-130 Petition was "erroneous as a matter of law, arbitrary and capricious, and constituted an abuse of discretion." Id. at 628. However, the Fourth Circuit determined the District Court lacked subject matter jurisdiction to review the no-risk determination. Id. at 629. Most important in reaching the decision was the plain language of

5

the statute. Id. The Fourth Circuit stated: "It is clear that the USCIS has 'sole and unreviewable discretion' to determine whether a petitioner poses no risk." Id. (citing 8 U.S.C. § 1154(a)(1)(A)(viii)(I)). Further, Section 1154 specifically makes the no-risk determination discretionary, so "no court shall have discretion to review" the no-risk decision. Id. (citing 8 U.S.C. § 1252(a)(2)(B)(ii)). Finally, the Fourth Circuit emphasized that its "precedent bolsters [its] conclusion" in Roland. In an earlier case, the Fourth Circuit held Section 1252(a)(2)(B)(i) "closes the door to judicial review of certain discretionary agency decisions, including the denial of an application for adjustment of status." Lee v. U.S. Citizenship & Immig. Servs., 592 F.3d 612, 619 (4th Cir. 2010).

Accordingly, as in Roland and Lee, this Court lacks jurisdiction to review the USCIS's no-risk determination regarding Plaintiff's I-129F Petition for Alien Fiancée. Plaintiff was convicted of two counts of taking indecent liberties with a child, (Doc. No. 1, p. 4), which are specified offenses against a minor within the meaning of the INA, as amended by the AWA. 8 U.S.C. § 1154(a)(1)(A)(viii)(II). As a result, the amended provisions of the INA kick in to prohibit Plaintiff from petitioning for immediate relative status unless "the USCIS, in its 'sole and *unreviewable* discretion,' determines that the petitioning citizen proves beyond a reasonable doubt that he or she poses 'no risk' to the alien spouse's safety and well-being." Roland, 850 F.3d at 629 (quoting 8 U.S.C. § 1154(a)(1)(A)(viii)(I)) (emphasis in original). Thus, because the INA and AWA together expressly grant the USCIS sole and unreviewable discretion over the no-risk determination, 8 U.S.C. § 1252(a)(2)(B)(2) explicitly strips this Court of jurisdiction to review the USCIS's decision. See Roland, 850 F.3d at 629 (holding that to "'the extent Congress decided to permit judicial review of a constitutional or legal issue bearing upon the denial of an adjustment

of status, it intended for it to be raised to the court of appeals during removal proceedings.' . . . . Here, there are no removal proceedings. Therefore, Section 1252(a)(2)(D) does not apply.").

## IV. CONCLUSION

Because 8 U.S.C. § 1252(a)(2)(B)(ii) strips courts of jurisdiction to review USCIS's no-risk determinations for 1-129F Petitions for Alien Fiancées, this Court has does not have subject matter jurisdiction to review the denial of Plaintiff's petition. As such, Defendants are entitled to dismissal of Plaintiff's Complaint, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss Plaintiff's Complaint, (Doc. No. 7), is **GRANTED.** Accordingly, Plaintiff's Complaint, (Doc. No. 1), is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**

Signed: June 21, 2023

_____
Frank D. Whitney
United States District Judge